THE NEWARK LIME AND CEMENT COMPANY *vs.* CHARLES D. MORRISON and others.

A mechanic's lien under the statute takes priority upon the *building* over a prior mortgage upon the *land*.
But the supplement of 16th March, 1859, which creates a lien for *repairs*, makes it subject to any mortgage prior to the filing of the lien.
In this case the premises ordered to be sold entire, and relative value of building and land ascertained.

*Ranney*, for complainant.

*Keasby*, for lien creditors.

*Frelinghuysen*, for second mortgagee.

THE CHANCELLOR. The only question in the cause is a question of priority between the mortgagees and claimants under liens filed by mechanics and material men. The premises consist of a lot on Washington street, in the city of Newark, 30 feet 9 inches front, with an average depth of about 267 feet, upon which there was erected a brick building, 30 feet 6 inches front, by 50 feet deep,

and four stories high. The mortgages, it is admitted, were all given and recorded, and constituted valid subsisting encumbrances on the lot prior to and at the time of the erection of the building.

To secure the payment of debts incurred in the erection of the building, liens were filed by mechanics and material men under the provisions of the statute. By virtue of judgments recovered upon the said claim, and executions issued thereon, the premises were sold to the lienholders, on the 24th of April, 1860, and were conveyed to them, on the 27th of the same month, by deed duly executed. It is not perceived that the sale and conveyance by the sheriff can at all affect the question of priority. The purchasers took, by virtue of the sale and conveyance, precisely the interest which the lienholders had before the sale under the statute. The simple question is, what is the nature and extent of the encumbrance which the statute gives to the lienholder upon the building? Does the lien upon the building take priority over a prior mortgage upon the land?

So far as relates to the encumbrance upon the land there is no controversy. It is admitted that the lien created by the statute does not and cannot interfere with the prior encumbrance created by the mortgage upon the land on which the building is erected. The numerous authorities cited upon the argument sustain this position—a position so clear as scarcely to require an authority in its support. It is equally clear upon the principles of the common law, and independent of any statutory provision, that any building or improvement erected upon the land subsequent to the execution of the mortgage became a part of the land and subject to the existing encumbrance. And it may be safely affirmed that the mortgagee could not be deprived of the benefit and advantage of the incidental benefit derived from a subsequent improvement except by clear and express legislative provision. In a case of doubt his acknowledged common law right would prevail.

But it cannot be affirmed that the mortgagee has any vested rights in any building or improvement not erected at the date of the mortgage, or that a lien which gives to the party whose labor is employed or materials expended in the erection of such building trenches upon any vested right of the mortgagee or infringes any constitutional provision. The wisdom or policy of such an enactment is a matter exclusively for legislative consideration.

Does the statute, then, give to the lienholder a precedence of encumbrance upon the building over the prior mortgagee upon the premises? The first section of the act declares that the debt shall be a lien on the building and on the land. The eleventh section declares that when the building and lot are sold by virtue of the lien the deed shall convey to the purchaser the building *free from any former encumbrance on the lands;* and shall convey the estate in said lands which said owner had at or any time after the commencement of the building within one year before the filing such claim in the clerk's office, subject to all prior encumbrances " and free from all encumbrances or estates created by or obtained against such owner afterwards, and from all estates created by deed or mortgage made by such owner, or any claiming under him, and not recorded or registered in the office of the clerk of the county at the commencement of said building." This section clearly declares, as it was designed to do, the order of priority of the encumbrance of the lien. Upon the building itself it takes priority of any former encumbrance on the lands—upon the lands, it is subject to the lien of all prior encumbrances recorded or registered at the commencement of the building.

This construction of the statute was adopted by Chancellor Williamson, in *Whitenack* v. *Noe*, 3 *Stockt.* 321, 413, and was subsequently applied in other cases.

The supplement to the general act, which was approved on the 16th of March, 1859, and which creates a lien in favor of work done and materials furnished for *repairing*

buildings, makes the encumbrance of the lien subject to any mortgage prior to the filing of the lien. There is a very obvious reason for the distinction made between the lien for the building and a lien for repairs of the building.

The mortgagees in this case claim that there was a building upon the premises at the date of the mortgage, which was removed to make way for the new building upon which the liens attach, and to the value of which it is insisted they are entitled. As the lienholders assent to this claim, it will be allowed, as a matter of agreement, without expressing any opinion whatever upon the validity of the claim. The mortgage premises must be sold entire, and the relative value of the building and land ascertained in the mode adopted in *Whitenack* v. *Noe*, or in such other mode as may be agreed on by the parties.